RALPH J. M. BULLOWA, PLAINTIFF, v. THERMOID COMPANY, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT.

Decided July 10, 1934.

For the plaintiff, *Chandless, Weller & Selser.*

For the defendant, *Katzenbach, Gildea & Rudner.*

CAFFREY, S. C. C. This is a motion to strike the complaint filed by the plaintiff to recover $2,000 from the defendant corporation, based upon the default in the payment of two bonds bearing numbers M-2339 and M-2483. These bonds were issued on February 1st, 1929, as part of a series known as five-year six per cent. sinking fund gold notes. The total authorized issue was $3,000,000. All of the bonds in this series were issued under indenture of trust dated

February 1st, 1929, whereby the National Bank of Commerce of New York was designated as trustee. According to the allegations in the complaint, the Guaranty Trust Company of New York was later substituted as trustee under the indenture. From the affidavit of H. J. Koch, treasurer of the defendant corporation, there appears to be now issued and outstanding, notes in the aggregate of $2,847,500, which amount includes notes amounting to $163,500 repurchased by the Thermoid Company and held in its treasury.

There seems to be no question but that the bonds held by the plaintiff have not been honored according to their tenor and that there is now due and owing to him the sum of $2,000 with accrued interest.

There is no difficulty in ascertaining the plaintiff's right. The difficulty, as I see it, lies in the enforcement of it at this time, due to the language in the indenture of trust, which forms part of the contractual obligation. The bonds and the trust agreement are inseparable. It will serve no useful purpose to set out in full, either the bond itself or the indenture of trust—reference to certain paragraphs in both will clarify the issue. In the seventh paragraph of the bond (*Exhibit "A"* attached to the complaint) this language is used, "in case an event of default as defined in the indenture shall occur, the principal of the notes may become or be declared due and payable in the manner and with the effect provided in the indenture."

The indenture, in part attached to the affidavit of H. J. Koch, submitted by the defendant, and beginning at article 6, enumerates events which constitute default, among which is the non-payment of principal or premium when due, either by maturity, or call, or declaration, or otherwise. In the same article, the following language is used: "then and in any case the trustee, by notice in writing delivered to the corporation, may, and upon written request of the holders of twenty-five per cent. in principal amount of the notes at the time outstanding, shall declare the principal of notes, if not already due and payable, to be forthwith due and payable, and upon such declaration the same shall become and

may be immediately due and payable, anything in this indenture or in the notes contined to the contrary notwithstanding."

Section 5 provides as follows:

"All rights of action under this indenture, or under any of the notes or coupons, may be enforced by the trustee without the possession of any of the notes or coupons, or the production thereof on any trial or other proceeding relative thereto, but the trustee may in its discretion require the deposit of such notes and coupons with it, as a condition precedent to the enforcement of any such rights of action; and any such suit or proceeding instituted by the trustees shall be brought in its name as trustee, and any recovery of judgment shall be for the ratable benefit of the holders of said notes and coupons. In any such event the warrants shall continue enforceable by the respective owners thereof and nothing in this article 6 and no act of the trustee under this article shall impair or affect the rights of the warrant holders."

In section 8 the following language is used:

"In order to promote and protect the equal and ratable rights of every holder of the notes and to avoid multiplicity of suits, all the notes shall be subject to the condition that all rights of action thereon, or in respect thereof, or on or in respect of the coupons thereto appertaining, are vested exclusively in the trustee, and that no holder of any of the notes or coupons appertaining thereto shall have any right to institute any action, at law or in equity, upon the notes or any of the appurtenant coupons, or growing out of any provision thereof, or of this indenture, or for the enforcement of this indenture, unless and until the trustee shall refuse or neglect to institute proper proceedings by way of remedy within a reasonable time after request of the holders of twenty-five per cent. in principal amount of notes then outstanding, filed with the trustee, with an offer of satisfactory indemnity; and any recovery in any action or proceeding instituted by the holder of any of the notes or appurtenant coupons shall be for the equal *pro rata* benefit

of all outstanding notes similarly situated, and, for the protection and enforcement of this section 8, each and every noteholder and the trustee shall be entitled to such relief as can be given either at law or in equity; provided, however, that nothing herein or elsewhere in this indenture or in the notes or in the coupons shall affect or impair the obligation of the company, which is unconditional and absolute, to pay at the date of maturity therein expressed the principal of the notes and the interest thereon to the respective holders of the notes and coupons at the time and place in the notes and coupons expressed, or affect or impair the right of action, which is also absolute and unconditional, of such holders to enforce such payment or shall affect or impair the right of the owner of any warrant to enforce the provisions thereof as provided by the terms of section 10 of article 2 hereof."

The plaintiff contends that the language used in section 8, particularly this, that, "provided, however, that nothing herein or elsewhere in this indenture or in the notes or in the coupons shall affect or impair the obligation of the company, which is unconditional and absolute, to pay at the date of maturity therein expressed the principal of the notes and the interest thereon to the respective holders of the notes and coupons at the time and place in the notes and coupons expressed, or affect or impair the right of action, which is also absolute and unconditional, of such holders to enforce such payment" gives him the right of action with respect to his two bonds, irrespective of the other sections in the indenture and with much insistence claims that the language in this excerpt nullifies all other provisions of the indenture, limiting individual action when a default occurs. However, the acceptance of this theory would destroy the purpose of the indenture which, by its language, anticipated the likelihood of legal proceedings by an individual bondholder and to guard against the multiciplity of suit, there was incorporated in section 8 of the indenture (above quoted) a provision vesting exclusively in the trustee, the right of action, and further a clause providing that "no holder of any

of the notes or coupons appertaining thereto shall have any right to institute any action at law or in equity."

There is nothing in the moving papers to indicate that any of these conditions were met by the plaintiff. The affidavit submitted in behalf of the plaintiff, signed by John Frank, Jr. (a representative of the attorneys for the plaintiff), sets forth that on May 31st, 1934, a request was made of H. J. Koch, treasurer of the defendant corporation, for a list of the bondholders of the defendant corporation and their addresses. In passing it might be noted that the summons and complaint in this cause were issued on April 19th, 1934, and served upon the defendant on April 25th, 1934.

To permit the plaintiff to prevail at this time, would be destructive of the plan carefully thought out with a view to the safeguarding of the investors in general. Of course, an arbitrary or capricious attitude on the part of the trustee might warrant the intervention of the court, but if this came to pass, it would not be a subject for consideration by this tribunal.

The motion to strike the complaint will be granted and an order in conformity with this memorandum may be submitted.